**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)**

| | |
|---|---|
| **Bayer HealthCare LLC,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:12-cv-00630 |
| ) | |
| v. ) | Judge Edmond E. Chang |
| ) | |
| **Pfizer Inc.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BAYER'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO COMPEL PFIZER'S INITIAL CONTENTIONS PURSUANT TO LOCAL PATENT RULE 2.3**

**INTRODUCTION**

On April 2, 2012, the Court granted Bayer's motion to compel Pfizer's initial contentions pursuant to Local Patent Rule 2.3. *See* D.I. 90. Following the Court's order, on April 6, Pfizer served non-infringement contentions pursuant to LPR 2.3(a). But unfortunately, Pfizer's contentions failed to provide most of the information required by LPR 2.3(a).

Pfizer's non-infringement contentions were due nearly four weeks ago on March 21, 2012. *See* D.I. 82 at 4. Pfizer's noncompliance with LPR 2.3 and the Court's order continues to prejudice Bayer's ability to complete fact discovery and prepare for expert discovery. Therefore, Bayer renews its motion to compel Pfizer's <u>complete</u> non-infringement contentions pursuant to LPR 2.3(a).

## ARGUMENT

### I. LOCAL PATENT RULE 2.3(A) REQUIRES AN ELEMENT-BY-ELEMENT CHART RESPONSIVE TO THE PATENT HOLDER'S LOCAL PATENT RULE 2.2 INFRINGEMENT CHART

Local Patent Rule 2.3(a) is unambiguous. LPR 2.3(a) requires the accused infringer to answer the patent holder's infringement contentions in an element-by-element chart that tracks the patent holder's LPR 2.2 infringement chart. Specifically:

> Non-Infringement Contentions **shall contain a chart**, responsive to the chart required by LPR 2.2(c), **that identifies as to each identified element** in each asserted claim, to the extent then known by the party opposing infringement, **whether such element is present** literally or under the doctrine of equivalents in each Accused Instrumentality and, if not, the reason for such denial and the relevant distinctions.

LPR 2.3(a) (emphasis added).

At argument on Bayer's original motion to compel, Bayer noted that LPR 2.3(a) required Pfizer to serve a responsive, element-by-element chart. *See* Ex. C, 4/2/12 Hearing Tr. at 6:5-12 ("Rule 2.3(a) requires an element-by-element chart where the accused infringer says whether or not a particular element exists in the product that [] is accused of infringement. We have not received anything like that.") (emphasis added). Pfizer's counsel did not disagree. Instead, Pfizer's counsel assured the Court that the issue was "simply a matter of recasting" Pfizer's other discovery responses and that its contentions would be complete. *See id.* at 8 ("And your Honor, just to make the record clear, I believe it is simply a matter of recasting. We have provided it in a textual format, for example, our non-infringement contentions. If we need to put it in a chart, we will put it in a chart.") (emphasis added).

In short, LPR 2.3(a) requires Pfizer to respond to every element Bayer identified in its LPR 2.2 infringement contention chart, and Pfizer agreed before the Court that it would do so.

2

## II. PFIZER REFUSES TO PROVIDE BAYER WITH AN ELEMENT-BY-ELEMENT CHART RESPONSIVE TO BAYER'S LPR 2.2 INFRINGEMENT CHART

Despite the explicit discussion about LPR 2.3(a) at the April 2, 2012 hearing, Pfizer's LPR 2.3(a) chart is deficient. Bayer served the following element-by-element infringement chart as part of its LPR 2.2 infringement contentions, to which Pfizer must respond:

| Asserted Claims 4 & 5 of the '506 Patent | Pfizer's ADVOCIN and A180 used in accordance with the ADVOCIN label for single dose treatment |
|---|---|
| *Claim 1 (from which claims 4 & 5 depend)* | |
| "A process for treating a bacterial infection in an animal in need thereof" | ADVOCIN is labeled for "treatment of bovine respiratory disease (BRD) associated with [bacteria] *Mannheimia (Pasteurella) haemolytica* and *Pasteurella multocida*" through a process of "subcutaneous injection." *See* PFE-BAY0000004. |
| "comprising administering to said animal" | ADVOCIN is "administered subcutaneously" to "feedlot age cattle." *See* PFE-BAY0000004. |
| "a pharmaceutically effective composition" | The FDA has approved ADVOCIN as an effective treatment of "bovine respiratory disease (BRD) associated with *Mannheimia haemolytica* and *Pasteurella multocida*." *See* Implantation or Injectable Dosage Form New Animal Drugs; Danofloxacin, 77 Fed. Reg. 18, 4226-27 (January 27, 2012) (to be codified at 21 C.F.R. pt. 522); PFE-BAY0000004. |
| "comprising a fluoroquinolone, an ester, or a salt thereof" | ADVOCIN includes the fluoroquinolone salt "danofloxacin mesylate." *See* PFE-BAY0000004. |
| "in one high dose, single treatment" | ADVOCIN is approved at a dose of 8mg/kg, within the range of the "high" doses defined in the '506 patent specification ("5 mg/kg to 30 mg/kg"). ADVOCIN is labeled for a single injection ("one time injection") of 8mg/kg. *See* PFE-BAY0000004. |
| *Claim 4* | |
| "The process of claim 1" | [*See* above] |
| "wherein the bacterial infection is bovine respiratory disease." | ADVOCIN is labeled for "treatment of bovine respiratory disease (BRD) associated with [bacteria] *Mannheimia (Pasteurella) haemolytica* and *Pasteurella multocida*." *See* PFE-BAY0000004. |
| *Claim 5* | |
| "The process of claim 4" | [*See* above] |
| "wherein the bovine respiratory disease is caused by Pasteurella, haemolytica or Pasteurella multocida." | ADVOCIN is labeled for "treatment of bovine respiratory disease (BRD) associated with *Mannheimia (Pasteurella) haemolytica* and *Pasteurella multocida*." *See* PFE-BAY0000004. |

*See* Ex. A, Bayer LPR 2.2 Initial Infringement Contentions at 3. That is, Bayer identified nine

elements within the asserted claims and the way Pfizer's products satisfy each of those elements.

Pfizer's "responsive" chart states in its entirety:

> Pfizer further responds by reference to the following chart prepared in accordance with LPR 2.3(a):
>
> | Claim 1[1] | Pfizer's ADVOCIN™ and A180® Product |
> |---|---|
> | A process for treating a bacterial infection in an animal in need thereof comprising administering to said animal a pharmaceutically effective composition comprising a fluoroquinolone, an ester, or a salt thereof in one high dose, single treatment.<br><br>**Claims 4 and 5**<br><br>Wherein the bacterial infection is bovine respiratory disease … caused by Pasteurella, haemolytica or Pasteurella multocida. | The limitation requiring treatment of a bacterial infection "in one high dose, single treatment" is indefinite under 35 U.S.C. § 112. To the extent this limitation can be construed, use of Pfizer's Accused Products would not infringe at least this limitation either literally or under the doctrine of equivalents. |
>
> [1] Defendant does not agree with Bayer's application of the claims, or that the claims satisfy 35 U.S.C. § 112. Defendant's contentions herein are not, and should in no way be seen as, admissions or adoptions as to any particular claim scope or construction. Defendant objects to any attempt to imply claim construction from the foregoing chart or any prior art chart attached as an Exhibit. Such charts and contentions do not represent Defendant's agreement or view as to the meaning, definiteness, written description support for, or enablement of any claim contained therein.

*See* Ex. B, Pfizer Initial Non-Infringement Contentions at 2-3.

Pfizer's chart omits altogether eight of the nine elements identified by Bayer. For the ninth element ("in one high dose, single treatment"), Pfizer offers only a vague claim of non-infringement, yet Pfizer does not limit its non-infringement arguments to this element alone. *See id.* at 2 (Pfizer response that its products do not infringe "<u>at least</u> this limitation") (emphasis added). For all nine elements identified by Bayer, Pfizer fails to identify "whether such element is present" and, if not, "the reason for such denial and the relevant distinctions." LPR 2.3(a). And this issue is still not a "matter of recasting," as Pfizer does not include any of this information in its textual response to LPR 2.3(a) separate from the chart. *See id.*

4

## III. PFIZER'S REFUSAL TO COMPLY WITH LPR 2.3(A) CONTINUES TO PREJUDICE BAYER

Pfizer would, of course, prefer not to put in writing the fact that Pfizer's products satisfy every element of Bayer's patent. But Pfizer's discomfort with the weaknesses of its non-infringement arguments does not excuse its obligations under LPR 2.3(a). Bayer needs Pfizer's <u>complete</u> initial responses to Bayer's infringement contentions so that Bayer can serve any additional, necessary fact discovery requests and prepare for expert discovery.

By the time this motion is heard, Pfizer's contentions will be more than a month overdue. Pfizer's delay has held up Bayer's fact and expert discovery needs for that entire time. Meanwhile, Pfizer has forced Bayer to file two motions to compel this information, distracting Bayer from the substantive issues and Bayer's other discovery needs in this case. It is time for Pfizer to comply with the Court's order and serve <u>complete</u> contentions pursuant to LPR 2.3(a) so that this litigation can continue on schedule.

## CONCLUSION

For all of these reasons, Bayer respectfully requests that the Court order Pfizer to serve immediately Pfizer's LPR 2.3(a) contentions.

DATED: April 16, 2012

Respectfully submitted,

BAYER HEALTHCARE LLC

By:   <u>/s/ Katherine G. Minarik</u>
     Katherine G. Minarik

Peter B. Bensinger, Jr.
Michael J. Valaik
Katherine G. Minarik
Katherine M. Swift
Reid M. Bolton

5

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
Courthouse Place, Suite 300
54 West Hubbard Street
Chicago, Illinois 60654
Tel. (312) 494-4400
Fax (312) 494-4440

*Attorneys for Plaintiff Bayer HealthCare LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.2

After consultation by telephone and good faith attempts to resolve differences, the parties were unable to reach an accord. Specifically, Pfizer's counsel served Pfizer's initial contentions at approximately 6 p.m. on Friday, April 6, 2012. Bayer's counsel raised Bayer's concerns by letter (sent by email) on Monday morning, April 9, 2012, the first business day after Pfizer served its incomplete initial contentions. Counsel for Bayer, Katherine Minarik, then called counsel for Pfizer, Marc Sernel, at approximately 8:30 a.m. that same day to ask for complete contentions. Pfizer declined Bayer's request. Bayer made a further request by email later the same day. And counsel for Bayer, Katherine Minarik, discussed the issue again by telephone on Friday, April 13, 2012, at approximately 4 p.m., with counsel for Pfizer, Marc Sernel, Amanda Hollis, and Reid Huefner, at which time Pfizer repeated its position that it would not serve an element-by-element non-infringement chart.

By:  /s/ Katherine G. Minarik
     Katherine G. Minarik

## CERTIFICATE OF SERVICE

I, Katherine G. Minarik, an attorney, hereby certify that a true and correct copy of the foregoing document entitled **BAYER'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO COMPEL PFIZER'S INITIAL CONTENTIONS PURSUANT TO LOCAL PATENT RULE 2.3** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF System and emailed to counsel listed below on April 16, 2012:

Amanda Hollis
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Mark Pals
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Marc E. Sernel
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Reid Huefner
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Jeffrey Drake
Wood Phillips
500 West Madison Street
Suite 3800
Chicago, IL 60661

Dean A. Monco
Wood Phillips
500 West Madison Street
Suite 3800
Chicago, IL 60661

*Attorneys for Defendant Pfizer Inc.*

By: /s/ Katherine G. Minarik
Katherine G. Minarik